In re POLAR CHIPS INTERNATIONAL, INC. d/b/a Walter Kellin Enterprises a/k/a the Kellin Corporation, Debtor.

Herb HARRIS, Trustee, Plaintiff,

v.

JAMES TAYLOR CORP., J.D. Taylor and Dennis J. Bryson, Defendants.

Bankruptcy No. 81–00823–BKC–JAG.
Adv. No. 83–0150–BKC–JAG–A.

United States Bankruptcy Court, S.D. Florida.

May 15, 1984.

Stephen H. Judson, Miami, Fla., J. Gordon Arkin, Orlando, Fla., for defendants.

Jeffrey W. Warren, Tampa, Fla., for debtor.

## MEMORANDUM OPINION

JOSEPH A. GASSEN, Bankruptcy Judge.

This case was tried before me on April 20, 1983. Since the time of trial the Debtor corporation has had its reorganization confirmed and has been substituted as Plaintiff in this action by this Court's order of July 8, 1983. For purposes of simplicity, however, the parties will be referred to as they stood at the time of trial.

This is an action by the Reorganization Trustee to recover from Defendants the sum of $120,473.36. The Trustee proceeds on two theories; one that the money was paid to the Defendants or one of them as a preference, which is exclusively a Trustee's action. The other theory is the common law theory of money had and received which is an action that comes to the Trustee through the Debtor and is subject to any defenses that Defendants may have had against the Debtor.

The Court finds that the transaction giving rise to the lawsuit involved the purchase of all of the stock of Cubes, Inc., a corporation owned by Defendant, J.D.

TAYLOR. The Court further finds that the stock was purchased by Walter Kellin, individually. This finding is based on the documents which were submitted into evidence by Defendants, including the Stock Purchase Agreement, the Security Agreement, and the Note evidencing the transaction. These documents conclusively establish that Kellin was the purchaser. Although Walter Kellin improperly used the Debtor, POLAR CHIPS INTERNATIONAL, INC.'s (hereinafter "POLAR CHIPS"), money to pay for the stock, that fact does not make POLAR CHIPS the purchaser of the stock when considered against the conclusive evidence of the sales documents themselves.

The Court finds that POLAR CHIPS eventually received from Walter Kellin the benefit of the Cubes, Inc. stock purchase, but that later receipt of the benefits from Walter Kellin did not make POLAR CHIPS the purchaser of the Cubes, Inc. stock.

Since POLAR CHIPS was not the purchaser of the Cubes, Inc. stock, there was never any debtor-creditor relationship between the Debtor and any of the Defendants, and therefore none of the Defendants were creditors of the Debtor.

The Court finds that the transaction in question was a secured transaction in that Defendant, JAMES TAYLOR, was completely secured for whatever monies were to be paid for him after the closing of the transaction; namely the $120,473.36 sought to be recovered here. The Court has considered testimony concerning various meetings between the parties but is unable to make findings in favor of or against any party from that testimony.

Finally, we find that Defendant, DENNIS J. BRYSON, acted at all times as an employee of J.D. TAYLOR and received no part of the $120,473.36 at issue here. Similarly, it is apparent that even though one of the checks was made to the JAMES TAYLOR CORP., that money was turned over to J.D. TAYLOR who, as the seller in the transaction, was its rightful recipient.

As a result, the Court concludes that the Trustee has not carried his burden under 11 U.S.C. § 547 of showing either that the Defendant, J.D. TAYLOR, was a creditor of POLAR CHIPS or that J.D. TAYLOR received more than he would have received if this were a case under Chapter 7, the transfer had not been made, and he received payment of his debt to the extent provided by the provisions of the Bankruptcy Code.

Because the Trustee has not carried his burden of proving that JAMES TAYLOR was a creditor, he fails to prove an essential element of § 547: That the transfer be "to or for the benefit of the *creditor*". 11 U.S.C. § 547(b)(1) (emphasis supplied).

Because this Court finds that Defendant, J.D. TAYLOR, was secured at all times in this transaction, the Trustee has failed to carry his burden under subsection (b)(5) of § 547. Even if TAYLOR had been found to be a creditor he would not have received more than any other member of his class since he was secured. 4 *Collier on Bankruptcy*, § 547.35, n. 8. at 547–114 (15th Ed.) There was no proof adduced by the Trustee that the value of the collateral secured to J.D. TAYLOR was of lesser value than the $120,473.36 sought to be recovered. *Id.*

The law places upon the Trustee the unmistakeable burden of proving by a fair preponderance of all of the evidence every essential controverted element resulting in the preference. 4 *Collier on Bankruptcy*, at 547–160.117, n. 3 (15th Ed.) He has failed to prove two elements, and therefore cannot recover.

The Trustee, in his post-trial memorandum, has raised additional issues, including the assertion that the giving of a check creates a debtor-creditor relationship. That assertion is not accurate and the response in Defendants' memo and the citations set forth therein are dispositive of the point.

Furthermore, set forth above, POLAR CHIPS, the Debtor herein, was not the purchaser in the transaction at issue. Even though Walter Kellin may have wrongfully taken the money from the Debtor to make a purchase in his own

name, equity may not be used to make POLAR CHIPS the purchaser and then charge Defendants with a preference. This Court concludes that Defendants' position is the correct one on all the preference issues raised by the Trustee in the post-trial exchange of memoranda.

 The Trustee's second count is based on the simple assertion that, since JAMES TAYLOR obtained POLAR CHIPS funds which he had no right to, those monies should be returned to their rightful owner, POLAR CHIPS. Although this position has some merit, an analysis of the equities leads to the conclusion that JAMES TAYLOR should prevail on this count.

The cases requiring return of consideration because of mistake do not assist the Trustee. There may have been fraud here, but there was no mistake. However, by paying his debt to JAMES TAYLOR with POLAR CHIPS funds, Walter Kellin converted POLAR CHIPS property. JAMES TAYLOR was on notice that it was POLAR CHIPS' property because the payments were made with POLAR CHIPS' checks. Converted property may be recovered from a party receiving it, particularly where that party was on notice. And money can be the subject of conversion were it is capable of identification. See *Polar Chips International, Inc. v. Martin Essaid and V.N.A.R., Inc.*, Case No. 83–0323–BKC–JAG–A, Findings of Fact, Conclusions of Law, and Memorandum Opinion entered October 13, 1983.

But although the payment of POLAR CHIPS' funds to JAMES TAYLOR was, in itself, wrongful, POLAR CHIPS received benefit from the consideration given by TAYLOR. It immediately received the benefit of expanded territory for its placement of new machines and sales to new investors, and it ultimately obtained whatever Walter Kellin had through the settlement with Kellin, if not previously. The consideration given by TAYLOR may or may not have been worth the amount paid for it, but it was property which POLAR CHIPS would, apparently, have been happy to have if Kellin had entered into the purchase transaction in a representative capacity on behalf of POLAR CHIPS instead of in his individual capacity.

As a result of all this, POLAR CHIPS was not actually deprived of the value of the converted property. What it *was* deprived of was the right to a potential preference action if it had been the outright purchaser. However, as discussed previously, because it was a secured transaction, the Trustee did not carry his burden of proof on the preference issue, even if POLAR CHIPS *had* been the purchaser.

Given all of these competing considerations, the end result is that there is no reason for a court of equity to compel the Defendant to return any of the monies received by him to POLAR CHIPS.

Pursuant to Bankruptcy Rules, a separate judgment will be entered in conformance with this opinion.